IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| EDMON GASAWAY | § | |
| VS. | § | CIVIL ACTION NO. 1:16-CV-211 |
| | | (Criminal No. 1:96-CR 54) |
| UNITED STATES OF AMERICA | § | |

## MEMORANDUM OPINION AND ORDER

Movant, Edmon Gasaway, an inmate currently confined at FCI Victorville, proceeding *pro se*, filed this motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

## FACTUAL & PROCEDURAL BACKGROUND

On May 16, 1996, a federal grand jury returned a seventeen-count indictment against movant and four co-defendants. Count 1 charged movant with interference of commerce by threats or violence (Hobbs Act conspiracy), in violation of 18 U.S.C. § 1951(a); Count 14 charged him with interference with commerce by threats and violence (Hobbs Act robbery), in violation of 18 U.S.C. § 1951(a); and Count 15 charged him with using and carrying a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). The grand jury later returned a second superseding indictment in which the basic charges against movant did not change, but added two additional counts against him: Count 16, which charged movant with interference with commerce by threats and violence (Hobbs Act robbery), in violation of 18 U.S.C. § 1951(a), and Count 17, which charged movant with using and carrying a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). A third superseding indictment was returned on October 18, 1996, but the essential charges against movant did not change. Movant went to trial on the third superseding indictment, and on November 8, 1996, the jury convicted him on all five counts.

The PSR calculated movant's total offense level for the Hobbs Act conspiracy and robberies (Counts 1, 14, and 16) to be 24 under the 1996 version of the U.S. Sentencing Guidelines Manual. There were no adjustments under the career offender guideline, U.S.S.G. § 4B1.1, or the armed career criminal guideline, U.S.S.G. § 4B1.4. The mandatory statutory sentence for movant's first § 924(c) count (Count 15) was a five year term of imprisonment. Movant's second § 924(c) count (Count 17) carried a mandatory statutory term of imprisonment for twenty years.

Movant's criminal history category was II. At level 24, this yielded a guideline sentencing range of a 57-71 month term of imprisonment for the Hobbs Act counts. The guideline range for the first § 924(c) count was five years, which was required to be served consecutively. The range for the second § 924(c) count was twenty years, which was also required to be consecutive.

On March 3, 1997, the Court sentenced movant to an 87 month term of imprisonment for the Hobbs Act counts; a 60 month term of imprisonment for the first § 924(c) count, to be served consecutively; and a 240 month term of imprisonment for the second § 924(c) count, also to be served consecutively. The Court entered judgment on March 5, 1997. Movant appealed. The Fifth Circuit affirmed and the Supreme Court denied his petition for writ of certiorari.

On June 3, 2002, movant filed a motion under 28 U.S.C. § 2255, which was assigned No. 1:02-CV-403. This first motion to vacate, set aside or correct sentence was denied. Movant filed three additional § 2255 motions in 2013, which were denied.

On June 26, 2015, the Supreme Court decided *Johnson v. United States*, in which it held that the "residual clause" definition for "violent felony" in the Armed Career Criminal Act, 18 U.S.C. § 924(e), is unconstitutionally vague. 135 S.Ct. at 2563. After obtaining permission from the Fifth Circuit to file another Section 2255 based on *Johnson,* movant filed the present § 2255 motion on

June 13, 2016. Specifically, movant claims that *Johnson* rendered his Section 924(c) convictions invalid, arguing that the Hobbs Act conspiracy offense for which he was convicted is no longer a crime of violence under the definition found in 18 U.S.C. § 924(c)(3).

On September 2, 2016, this Court ordered the Government to show cause. The Government filed a Response on November 3, 2016, arguing movant's claims were not cognizable on collateral review as the Supreme Court had not yet addressed whether *Johnson* applied to § 924(c) or, if so, whether it may be applied on collateral review. The Government noted that the Supreme Court would be deciding whether *Johnson* applied to career offenders under the sentencing guidelines, U.S.S.G. § 4B1.1, and, if so, whether it applied retroactively on collateral review in *Beckles v. United States*, No. 15-8544 (June 27, 2016).

On November 29, 2016, movant filed a motion to stay and reconsider pending the Supreme Court rulings in *Beckles* and *Dimaya*. Movant filed a Reply to the Government's Response on January 23, 2017, arguing his motion should be granted in light of Ninth Circuit Court of Appeals in *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015). On September 18, 2017, this Court denied movant's motion to stay as it appeared neither *Beckles* nor *Dimaya* would provide movant any relief.[1]

The Supreme Court decided *Dimaya* on April 17, 2018. *Dimaya v. Sessions*, 138 S.Ct. 1204 (2018) In *Dimaya*, the Supreme Court held that the residual clause of the federal criminal code's definition of "crime of violence," as incorporated into the Immigration and Nationality Act's (INA)

---

[1] *Beckles v. United States* was decided by the United States Supreme Court on March 6, 2017. In *Beckles*, the Supreme Court determined that *Johnson* does not apply to the sentencing guidelines. *Dimaya* did not involve § 924(c)(3)(B) but rather the residual clause of 18 U.S.C. § 16(b). Moreover, movant's § 924(c) conviction is predicated upon a Hobbs Act robbery which qualifies as a crime of violence under § 924(c)(3)(A)'s force clause definition and not the residual clause found in § 924(c)(3)(B).

definition of aggravated felony, was impermissibly vague in violation of due process. *Id*.

Movant then filed a Supplemental Response on May 29, 2018, arguing the Supreme Court in *Dimaya* did not limit its holding to § 16(b) and that § 924(c)(3)(B) is void for vagueness.

**STANDARD**

A § 2255 motion is the primary means of collateral attack on a federal sentence. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quotation omitted). There are four cognizable grounds upon which a federal prisoner can bring a § 2255 motion to vacate, set aside, or correct a sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C.A. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). Finally, Movant has the burden of establishing his claims by a preponderance of the evidence. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980).

**DISCUSSION**

Movant cannot rely on *Johnson* for relief. In *Johnson*, the Supreme Court determined that § 924(e)'s residual clause definition of "violent felony" is unconstitutionally vague. *Johnson* had no application to § 924(c).

*Beckles* also offers no relief. In *Beckles*, the Supreme Court considered whether the Sentencing Guidelines can be unconstitutionally vague in light of *Johnson*. 137 S. Ct. 886 (2017). More specifically, whether the residual clause in U.S.S.C. § 4B1.2(a)'s definition of "crime of

violence" for the career offender enhancement in U.S.S.C. § 4B1.1 was unconstitutionally vague. The *Beckles* Court held that, because the Guidelines are advisory, they cannot be void for vagueness. *Beckles*, 137 S. Ct. at 897. Like *Johnson*, there is no application to § 924(c).

To the extent movant argues *Dimaya* warrants relief, the claim lacks merit for two reasons. First, this Court lack jurisdiction to consider this claim as it is a second or successive claim. Although movant obtained permission from the Fifth Circuit Court of Appeals to file a successive motion to vacate, set aside, or correct sentence as to a potential *Johnson* claim, movant did not seek such authorization with respect to a *Dimaya* claim. 28 U.S.C. § 2255(f).[2] This Court lacks subject matter jurisdiction to consider a second or successive petition. *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

Alternatively, and assuming without finding that *Dimaya* applies retroactively on collateral review, movant's *Dimaya* claim simply lacks merit.[3] Movant's Section 924(c) conviction is predicated on Hobbs Act robberies, which qualify as crimes of violence under Section 924(c)(3)(A)'s element clause, and not the residual clause found in Section 924(c)(3)(b). *See United States v. Bowens*, 907 F.3d 347, 353-54 (5th Cir. 2018), *cert. denied*, No. 18-7612, -- U.S. --, 139 S.Ct. 1299, -- L.Ed.2d --, 2019 WL 358681 (U.S. Mar. 4, 2019) (holding that "binding circuit precedent forecloses [Defendant's] claim that Hobbs Act robbery is not a [crime of violence] predicate under 18 U.S.C. § 924(c)(3)(A)") (*citing United States v. Buck*, 847 F.3d 267, 274-75 (5th Cir. 2017)); *United States v. Davis*, 903 F.3d 483, 486 (5th Cir. 2018), *cert. granted*, -- U.S. -- , 139 S.Ct. 782,

---

[2]*Johnson* involved 18 U.S.C. § 942(e) while *Dimaya* involved 18 U.S.C. § 16(b).

[3]Dimaya did not address whether its holding might apply retroactively on collateral review of a criminal conviction. Pisciotta v. Harmon, 748 F. App'x 634, 635 (5th Cir. 2019) (not designated for publication).

202 L.Ed.2d 511 (2019) ("Whatever arguments may be made for opposing Hobbs Act robbery's inclusion under the elements clause as a crime of violence, *Dimaya* has not affected them, and therefore, they are foreclosed to us in light of Buck.").

## ORDER

Based on the foregoing, it is, hereby, **ORDERED** that this motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. § 2255 is **DENIED**.

**SIGNED** this the 13 day of **May, 2019.**

_____
Thad Heartfield
United States District Judge